IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CV 15–96–H–CCL |
| Plaintiff, | |
| vs. | ORDER |
| KEVIN C. HAND, | |
| Defendant. | |

This is a student loan debt collection action. The case is now before the Court on the United States Department of Education's motion for summary judgment. Defendant Kevin C. Hand, appearing *pro se*, failed to respond to the motion. On October 25, 2016, the Court ordered Defendant to show cause why the motion for summary judgment should not be granted. (ECF No. 14.) Defendant responded on November 3, 2016. (ECF No. 16.)

Background

On November 3, 2015, Plaintiff filed this action against Defendant for recovery of $50,186.22 (calculated as of July 25, 2016). This amount consists of principal in the amount of $30,107.88 and interest in the amount of $20,078.34. Interest is computed at the rate of $2.88 per day from July 25, 2016, until the date of judgment. (ECF No. 10, United States Statement of Undisputed Facts, ¶ 5.) Plaintiff presents the Declaration of Delfin M. Reyes, loan analyst with the United States Department of Education. (ECF No. 11.) Defendant's principal indebtedness results from four promissory notes, all of which were authorized by the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq.

In response to this Court's order to show cause, Defendant Hand responded on November 3, 2016, by asserting that it violates his civil rights to be forced to represent himself, by asserting that he has not asked for and does not desire to consolidate his four student loans, and, finally, by asserting that "he is qualified for Student Loan Forgiveness due to current health issues, ability to work and time of Loans." (ECF No. 16 at 2.) Further, Defendant states that he "shall call 1-844-

325-1189 to apply for such debt relief." (ECF No. 16 at 2.) However, that filing was made six weeks ago, and the Court has received no further information from Defendant Hand regarding his intention to seek debt relief.

Legal Standard

Summary judgment is proper when the movant shows that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The initial burden of demonstrating the absence of a genuine issue of fact is on the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In determining whether this burden has been met, the court must view the evidence in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

Once this initial burden is met, the opposing party must "go beyond the pleadings" and "set forth specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 248, 106 S.Ct. at 2510 (internal quotes omitted). "If a party fails to properly support an assertion of facts or fails to properly address

3

another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for the purposes of the motion. . . ." Rule 56(e)(2).

"[A] party cannot manufacture a genuine issue of material fact merely by making assertions in its legal memoranda." *S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines) v. Walter Kiddle & Co.*, 690 F.2d 1235, 1238 (9th Cir. 1982). The non-moving party "must show more than the mere scintilla of evidence" or a "metaphysical doubt as to the material facts at issue." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010 (citations omitted);

After the movant's initial burden has been met, the non-moving party must go beyond the pleadings and–by its own affidavits or discovery–set forth specific facts showing a genuine issue for trial. *See* Fed.R.Civ.P. 56(e); *Celotex Corp.*, 477 U.S. at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). If the non-moving party does not produce evidence to show a genuine issue of material fact, the moving party is entitled to summary judgment. In ruling on a motion for summary judgment, inferences drawn from the underlying facts are viewed in the light most favorable to the non-moving party. *See Matsushita*,

475 U.S. at 587.

Discussion

Plaintiff is entitled to collect unpaid principal and accrued interest on defaulted student loans insured under The Higher Education Act of 1965. *See* 20 U.S.C. § 1080(a).

In order to present a *prima facie* case of student loan debt collection, the United States must prove three elements: "(1) the defendant signed a promissory note for a student loan; (2) the government owns the promissory note signed by the defendant; and (3) the promissory note has not been repaid or discharged." *United States v. Gazanferi*, 2016 WL 4491864 (C.D. Cal., Aug. 25, 2016) (citations omitted).

The evidence presented by Plaintiff shows that Defendant executed his first promissory note in the amount of $2,625.00 on January 5, 1994. Defendant executed his second promissory note in the amount of $4,000.00 on March 3, 1994. Defendant executed his third promissory note in the amount of $6,625.00 on June 1, 1994. Defendant executed his fourth promissory note in the amount of

$6,625.00 on September 21, 1996. As evidenced by the Certificate of Indebtedness attached to Plaintiff's Complaint as Exhibit E, and signed under penalty of perjury as required by law, Defendant defaulted on each of the four promissory notes on January 30, 2001. (ECF No. 1-5.) As of that date of default, Defendant had paid the following amounts on the four promissory notes: $221.51, $381.58, $547.60, and $474.31. (ECF No. 1-5.) Fifteen years have passed since these loans defaulted, and during that period an additional $1,625.00 has been credited to Defendant's loans, mostly by tax refunds. (ECF No. 12 at 6, Pl's Brief in Supp.) After crediting all payments made by the Defendant, the Department of Education now certifies that Defendant continues to owe principal ($30,1076.88)[1] and interest ($20,078.34) on the loans, plus continuing interest at the rate of $2.88 per day, and that the guarantor of the loans has assigned its rights and title to the Department of Education. This evidence is sufficient to meet Plaintiff's burden of

---

[1] At the time of default, both principal and interest accrued was paid by the Department of Education to the lender. Interest owing on that date was capitalized, meaning it was added to the unpaid principal balance. 34 C.F.R. § 682.410(b)(4).

proof and to shift the burden to Defendant to establish some genuine material fact that must be tried.

Defendant's response to the order to show cause fails to raise any genuine issue of material fact requiring trial. Besides asserting that he should have appointed counsel to help him defend,[2] the only defense that Defendant raises is that he is disabled and thus without capacity to make payments on his student loan debts. This may well be the case, however, only the Department of Education has the authority to discharge Defendant's loans, not this Court. 20 U.S.C. § 1087. If Defendant decides to present an application of disability to the Department of Education, that agency can instruct the Department of Justice to cease collections on the judgment. In addition, the Plaintiff acknowledges that if Plaintiff discovers

---

[2] There is no entitlement to appointed counsel in a civil case. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). The Court has previously determined that exceptional circumstances do not exist that would justify appointment of counsel in this case. (ECF No. 7.)

that Defendant's income is low and his assets are exempt,[3] Plaintiff may be unable to collect on the judgment. (ECF No. 12 at 7.) The Court concludes that the law and the facts warrant granting the Plaintiff's motion for summary judgment. Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment is GRANTED. Plaintiff shall submit a proposed judgment to the Court within ten (10) days.

Dated this 18th day of January, 2017.

_____
CHARLES C. LOVELL
SENIOR UNITED STATES DISTRICT JUDGE

---

[3] Exempt assets include a homestead (up to $250,000), household goods/furnishings (up to $4,500), a vehicle (up to $2,500), public assistance and Social Security benefits, retirement benefits, and many others. (ECF 12-2, "Exemptions Under Montana State Law.")

8